**Elizabeth DOLE, Secretary of Labor, Petitioner, Cross–Respondent,**

v.

**BRIGGS CONSTRUCTION COMPANY, INC.; the Occupational Safety & Health Review Commission, Respondents, Cross–Petitioners.**

Nos. 89–4068, 89–4080.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 29, 1990.

Decided July 10, 1991.

Barbara Werthmann, Laura V. Fargas (argued and briefed), U.S. Dept. of Labor, Office of the Sol., Washington, D.C., for petitioner, cross-respondent.

Roger L. Sabo (argued and briefed), Millisor & Nobil, Columbus, Ohio, Ray Darling, Secretary, OSHRC, Washington, D.C., for respondents, cross-petitioners.

Before NORRIS, Circuit Judge, WELLFORD, Senior Circuit Judge,[*] FORESTER, District Judge.[**]

[*] The Honorable Harry W. Wellford assumed senior status on January 21, 1991.

[**] The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

PER CURIAM.

This matter is before us upon the petition of the Secretary of Labor who asks that we review an order of the Occupational Safety & Health Review Commission. The order affirmed the decision of an administrative law judge that Briggs Construction Co., Inc., had committed a serious safety violation, and levied a fine of $800. Briggs has also filed a petition for review.

The Occupational Safety & Health Administration (OSHA) cited Briggs for a willful violation of 29 C.F.R. § 1926.652(c) (1988)[1] for failure to shore the sides of a trench properly, exposing its employees to the dangers of a cave-in. Briggs contested the citation, saying that there was no violation and, even if there were, it was not willful. The Department of Labor then filed a complaint with the Commission that sought enforcement of the citation, again contending that Briggs' conduct amounted to a "willful" violation and proposing a $9,000 penalty. While the Commission's A.L.J. concluded that Briggs had violated a safety rule and exposed its employees to the hazard of a cave-in while working in the trench, he nevertheless found that there was no evidence of "conscious disregard or plain indifference" to support a characterization of willful conduct. He did, however, conclude that there was sufficient evidence to establish that the violation was serious, and assessed the $800 penalty. The distinction between "willful" and "serious" conduct is significant, because the potential penalty for a willful violation is ten times that for a serious violation.[2]

Because the Commission's characterization of Briggs' conduct resulted in a penalty that the Department regards as inadequate, it sought this review. Briggs responded by filing a petition for review, and we have pending before us the Department's motion to dismiss that appeal as being untimely filed. On appeal, the Department complains that the A.L.J. should have characterized Briggs' violation as "repeated" conduct, which is as culpable as if it were willful. No review is sought with respect to the Commission's holding on willfulness. The Department maintains that, at the hearing before the A.L.J., it amended the citation to allege, in the alternative, that the violation was serious, and that it was repeated (based upon Briggs' previous violation of an excavation standard).

However, as pointed out by Briggs, the record does not support the Department's position that the citation and complaint were amended. What it does reveal is that counsel for the Department, at the beginning of the hearing, told the A.L.J. that the evidence would prove a repeated or serious violation as well as a willful one, and that counsel for Briggs objected to litigating anything other than a willful violation. In spite of its assertions to the contrary, we are unable to say that the Department complied with amendment procedures set out in Fed.R.Civ.P. 15(b), or that the A.L.J. accepted the amendment and tried the matter as though a repeated violation had been charged. Indeed, he characterized introduction of evidence of the prior violation as an effort to prove willfulness: "The Secretary alleges that the violation was willful, because a prior citation had been issued in 1986 for a similar trenching violation which had been concluded by an informal settlement agreement...." A.L.J. Opinion, p. 12.

The A.L.J. then went on to conclude that the Department had failed to prove willfulness, because it had not shown that Briggs

---

1. 29 C.F.R. § 1926.652(c) provides as follows: (c) Sides of trenches in hard or compact soil, including embankments, shall be shored or otherwise supported when the trench is more than 5 feet in depth and 8 feet or more in length. In lieu of shoring, the sides of the trench above the 5-foot level may be sloped to preclude collapse, but shall not be steeper than a 1-foot rise to each ½-foot horizontal. When the outside diameter of a pipe is greater than 6 feet, a bench of 4-foot minimum shall be provided at the toe of the sloped portion.

2. At the time in question, an employer who "willfully or repeatedly" violated an OSHA safety rule could be assessed a civil penalty of not more than $10,000; an employer who committed a "serious" violation could receive a civil penalty of up to $1,000. 29 U.S.C. § 666(a) and (b).

was acting in "conscious disregard or plain indifference" of safety requirements. The A.L.J. does, however, appear to have accepted the cause as being amended to charge a serious violation. That theory was viewed almost as one would consider a lesser included violation of a greater one in the context of the criminal law:

> Although respondent announced at the hearing that it did not consent to try any other theory or classification of the violation ..., the evidence in the record establishes that the violation was serious. There is no question but respondent was aware of the conditions and that employees working in the trench were exposed to the hazards presented by such conditions. Likewise, it is clear that a cave-in or collapse would likely result in serious injuries or death. The violation was serious.

A.L.J. Opinion, p. 13.

In any event, because the Department did not comply with accepted amendment procedures, the A.L.J. did not err in failing to find Briggs responsible for a repeated violation.

█ By its petition for review, Briggs asserts that the A.L.J. erred in finding that it had committed a serious violation. It points out that the record no more supports the Department's contention that there was an amendment to include a serious violation, than it supports a repeated violation amendment. The result, argues Briggs, is that we must set aside the order of the Commission.

The Department contends that Briggs is in no position to raise the issue and we are without jurisdiction to consider it, because Briggs' petition for review was filed seven days after the expiration of the statutory sixty-day period for filing such petitions. The applicable statute provides as follows:

> Any person adversely affected or aggrieved by an order of the Commission issued under subsection (c) of section 659 of this title may obtain a review of such order in any United States court of appeals for the circuit in which the violation is alleged to have occurred or where the employer has its principal office, or in the Court of Appeals for the District of Columbia Circuit, by filing in such court *within sixty days following the issuance of such order* a written petition praying that the order be modified or set aside....

29 U.S.C. § 660(a) (Supp. V. 1987) (emphasis added).

In the absence of a valid petition for review, Briggs is unable to raise the issue, because the company is asserting error as a sword to obtain affirmative relief, not as a shield to protect the Commission's order. *See United States v. American Ry. Express Co.,* 265 U.S. 425, 435, 44 S.Ct. 560, 563, 68 L.Ed. 1087 (1924).

Briggs essentially argues that the Federal Rules of Appellate Procedure allow a fourteen-day period for filing "cross-petitions" for review from agency orders, since Fed.R.App.P. 4(a)(3) permits a responding party fourteen days within which to file a cross-appeal.

We disagree. Fed.R.App.P. 15(a) provides that a petition for review of an agency order must be filed "within the time prescribed by law." Fed.R.App.P. 26 prohibits the enlargement of time for filing such a petition. Because we are unaware of any statutory provision that contemplates the filing of a cross-petition for review, or of a petition for review, outside the sixty-day period provided by 29 U.S.C. § 660(a), we are without jurisdiction to consider the petition for review filed by Briggs, and the Department's motion to dismiss must be granted.

The motion to dismiss is granted and Case No. 89–4080 is dismissed. The Commission's decision in Case No. 89–4068 is affirmed.