959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William O. SAMMONS, Petitioner-Cross Respondent,
v.
EAS COAL COMPANY, Respondent-Cross Petitioner, Director,
Office of Workers' Compensation Programs, United
States Department of Labor, Respondent.
 Nos. 92-3030, 92-3063.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner Sammons, in Case No. 92-3030, seeks review of the November 12, 1991, order of the Benefits Review Board (the "Board") denying him federal black lung benefits. Both the Director, Office of Workers' Compensation Programs, and Sammons' former employer, EAS Coal Company ("EAS"), are respondents in that appeal. On January 15, 1992, sixty-four days after the issuance of the Board's decision, EAS filed a cross-petition for review, designated as Case No. 92-3063. The government now moves to dismiss the cross-appeal for lack of jurisdiction. EAS asserts that it filed the cross-appeal in order to preserve the issue of whether it was properly named as the responsible operator. EAS requests that if Case No. 92-3063 is dismissed, it be permitted to address the responsible operator issue in Case No. 92-3030.
 
 
 2
 Upon review, we conclude that, as Case No. 92-3063 was filed sixty-four days from the date of the issuance of the decision of the Board, this court lacks jurisdiction to consider that appeal. 33 U.S.C. § 921(c); Rule 15(a), Fed.R.App.P.; see Dole v. Briggs Construction Co., 942 F.2d 318 (6th Cir.1992) (order). However, as the issue of responsible operator was raised below, EAS can argue this issue as an additional ground to support affirmance of the decision of the Board in Case No. 92-3030.
 
 
 3
 It therefore is ORDERED that the motion to dismiss Case No. 92-3063 is granted. The clerk is directed to establish a new briefing schedule in Case No. 92-3030 reflecting the dismissal of the cross-appeal.