CITY OF HIAWATHA,
Iowa, Appellant,

v.

CITY DEVELOPMENT
BOARD, Appellee,

City of Robins, Iowa, Intervenor–
Appellee.

No. 98–1470.

Supreme Court of Iowa.

April 26, 2000.

James P. Craig, Randal J. Scholer, and Brenda K. Wallrichs of Moyer & Bergman, P.L.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Christie J. Scase, Assistant Attorney General, for appellee.

Donald C. Hoskins, Marion, and Roger Nowadzky, Des Moines, for intervenor-appellee.

LARSON, Justice.

This is one of two annexation cases filed today concerning the annexation of Linn County land. The first case, *City of Hiawatha v. City Development Board,* 609 N.W.2d 496 (Iowa 2000) (*Hiawatha I*), involved annexation by the City of Cedar Rapids. The present case involves annexations by the cities of Robins and Hiawatha. The district court affirmed rulings by the City Development Board dividing the area in contention between Robins and Hiawatha. Hiawatha sought judicial review, claiming it should have received more of the territory. Robins claims in its cross-appeal (without separately seeking judicial review) that Hiawatha should not have obtained what it did. The district court affirmed, and both cities appealed. We affirm on both appeals.

### I. *Facts and Prior Proceedings.*

In 1996 property owners located near Robins submitted applications requesting voluntary annexation to Robins pursuant to Iowa Code chapter 368 (1995). Of the approximately 707 acres involved, owners of all but 91.29 acres (12.9%) voluntarily petitioned for annexation. Iowa Code section 368.7(1) allows up to twenty percent of the proposed area to be involuntary so as to avoid the creation of islands and irregular boundaries. In this case, as in *Hiawatha I,* the petitioning landowners do not appear to have a particular yearning to become part of a city; they petitioned for annexation to Hiawatha and Robins because they believed they were about to be annexed by someone. They wanted a say in their destiny.

On December 17, 1996, Robins' city council voted to annex the land and requested approval by the City Development Board on December 23. On December 27, 1996, the City of Hiawatha filed a petition for involuntary annexation that included land common to Robins' voluntary annexation.

On January 9, 1997, Hiawatha filed another proposal with the board, a voluntary application involving two parcels, both of which were also contained in Robins' voluntary application. The board amended Robins' application by deleting parcels Nos. 28 and 31, and approving Hiawatha's annexation of those parcels. (This is the basis for Robins' cross-appeal.) The board then divided the remaining territory into two parts, assigning each a different case number. The result of the board's action was to approve annexation of all of the contested area to Robins, except parcels 28 and 31, which it concluded should be annexed to Hiawatha.

The board entered its findings of fact and conclusions of law on August 11, 1997. On September 9, 1997, Hiawatha filed a

petition for judicial review of the board's decision. Robins did not seek judicial review of the portion of the board's ruling as to which it now complains; however, on October 13, 1997, Robins intervened in Hiawatha's judicial review proceedings. The matter was submitted to the district court on June 2, 1998. After the case was submitted, Hiawatha discovered that portions of the hearing before the board had been omitted from the transcript. On July 1, 1998, Hiawatha requested the district court to withhold ruling until the omission was cured. On July 2 the board verified that portions of Hiawatha's presentation to the board had indeed been omitted from the transcript. The omitted evidence included comments by Hiawatha's attorney as well as the testimony of its mayor, finance director, city engineer, and water superintendent. The board informed the district court it was preparing minutes of the meeting and would provide them to the court to supplement the agency record.

However, without.ruling on Hiawatha's request and without addressing the matter of the omissions, the district court affirmed the board's decision in its ruling filed July 14, 1998. Hiawatha appealed and Robins cross-appealed.

## II. *The Issues.*

Although the parties to the appeal and cross-appeal raise five issues, we believe they may be condensed to four. First, whether substantial evidence supported the board's findings that the requirements of Iowa Code section 368.7(4) for voluntary annexations were met. Second, whether the board correctly applied the statutory preference for voluntary proceedings. Third, whether the district court erred in ruling on judicial review without receiving the omitted portions of the record. Fourth, on Robins' cross-appeal, whether the board erred in deleting parcels 28 and 31 from its petition and annexing them to Hiawatha.

## III. *The Substantial Evidence Issue.*

Because Hiawatha filed an involuntary annexation petition within thirty days of Robins' voluntary annexation application, the provisions of Iowa Code section 368.7(4) are triggered. Section 368.7(4), in relevant part, provides:

If one or more applications for a voluntary annexation and one or more petitions for an involuntary annexation ... for a common territory are submitted to the board within thirty days of the date the first application or petition was submitted to the board, the board shall approve the application for a voluntary annexation, if the application meets the applicable requirements of this chapter, unless the board determines by a preponderance of the evidence that the application was filed in bad faith, or that the application as filed is contrary to the best interests of the citizens of the urbanized area, or that the applicant cannot within a reasonable period of time meet its obligation to provide services to the territory to be annexed sufficient to meet the needs of the territory.

■ According to the statute, the board must approve Robins' voluntary application unless a preponderance of the evidence showed Robins could *not* provide sufficient services to the territory within a reasonable time. The inquiry is different from that in an *involuntary* petition, in which the petitioner must show it is capable of providing "substantial municipal services and benefits not previously enjoyed by such territory." *See* Iowa Code § 368.17(4); *City of Des Moines v. City Dev. Bd.*, 473 N.W.2d 197, 201 (Iowa 1991) (involuntary annexation requirements not imposed in voluntary proceedings).

■ In its findings of fact, the board found:

The City of Robins can within a reasonable period of time meet its obligation to provide services to the territory to be annexed sufficient to meet the needs of the territory. The Board de-

termined that the City of Robins can provide the services that were identified by the owners of land in the territory at the public hearing.

The area in question consists primarily of agricultural land, with twenty-eight families and a scattering of residential acreages. Although the residents are served by private wells and septic systems, there was evidence in the record as to Robins' general plans for the provision of municipal water and sewer service to the territory. Moreover, the residents of the new area, a large percentage of whom had petitioned for annexation to Robins, apparently did not believe they had needs in excess of what would be available to them. Robins indicated that it intends to provide water and sewer service to the territory as development occurs, perhaps with financial assistance from developers. Robins showed it is willing and able to immediately begin providing police and fire service. It has a city park, and although it does not have its own library, it has made arrangements with the Marion and Cedar Rapids libraries.

We believe the record is sufficient to support the board's finding. *See City of Des Moines,* 473 N.W.2d at 199 (evidence is substantial if a reasonable person would find it adequate to reach a decision). Here, a reasonable person could conclude Robins was capable of providing services to the territory to be annexed sufficient to meet the needs of the territory.

■ Under Iowa Code section 368.7(4), another ground on which a voluntary petition for annexation may be denied is if it is shown the annexation is "contrary to the best interests of the citizens of the urbanized area." Hiawatha argues "the board erred in finding the annexation to Robins was in the best interest of the urbanized area and its decision was arbitrary and unreasonable in light of the record presented."

This argument is based largely on a comparison of the relative public services

and accessibility between Robins and Hiawatha. That, however, is not the issue; under the statute, the issue is whether it was established that the annexation by Robins was contrary to the best interests of the "urbanized area."

Hiawatha's "best interests" argument is based in large part on its premise that Hiawatha is part of the "urbanized area" whose best interests are to be considered. Hiawatha says it has engaged in "substantial planning and infrastructure which it undertook and paid for with an eye toward providing services to the annexation area." Unless it annexes this area, Hiawatha will, so to speak, be all fixed up with no place to go. This, it argues, is certainly not in its best interests.

The problem with this argument is that Hiawatha is not a part of the "urbanized area" whose best interests are the touchstone. We resolved that issue against Hiawatha in *Hiawatha I. See* 609 N.W.2d at 500–01 ("urbanized area" under Iowa Code section 368.7(4) does not include a city).

Iowa Code section 368.6 expresses the intent of the legislature in this language:

It is the intent of the general assembly to provide an annexation approval procedure which gives due consideration to the wishes of the residents of territory to be annexed, and to the interests of the residents of all territories affected by an annexation. *The general assembly presumes that a voluntary annexation of territory more closely reflects the wishes of the residents of territory to be annexed, and, therefore, intends that the annexation approval procedure include a presumption of validity for a voluntary annexation approval.*

(Emphasis added.)

Nearly every resident of the proposed annexation territory who appeared at the board hearing supported annexation by Robins. These people said Robins had been responsive to their questions without "suggesting what [their] conclusions ought to be." They also felt Robins has histori-

cally been, and appears committed to being, the type of community in which they prefer to reside.

We conclude substantial evidence supported the board's conclusion that Robins' annexation was not contrary to the best interests of the urbanized area.

### IV. *The Presumption of Validity.*

Hiawatha contends that the board erroneously interpreted and applied the presumption of validity of section 368.6 and the preference for voluntary annexation provided by section 368.7(4). Hiawatha argues the board "overstated, overemphasized, and erroneously relied on the preference accorded to voluntary annexation requests under chapter 368 of the Iowa Code" and erroneously applied the presumption of validity under Iowa Code section 368.6. We addressed these arguments, under very similar facts, and resolved them against Hiawatha in *Hiawatha I,* 609 N.W.2d at 501. That case controls here.

### V. *The Omitted Record Issue.*

Hiawatha discovered, after the case had been submitted to the district court, that a portion of the record before the board had been omitted from the record forwarded to the district court. Hiawatha asked the court to delay ruling until the omission was cured, but the court did not wait; it decided the case without ruling on Hiawatha's application for additional time. Hiawatha claims this was error.

■■■■ This situation is analogous to a motion to reopen a record in district court after submission of the evidence, a matter as to which a court must be given considerable discretion. In any event, the court's ruling without the omitted record would not require reversal, as Robins contends. The missing portion of the record included introductory comments by Hiawatha's attorney, comments by the board chairman, and the testimony of several officers and employees of Hiawatha con-

cerning its ability to provide necessary services to the annexed area. We do not know what bearing the chairman's comments would have on this appeal, but it does not appear they could reasonably have any significant impact on the board's decision. Further, for the reasons previously discussed, the ability of Hiawatha to provide necessary services, as to which the municipal officers and employees testified, is not a viable issue; it is the ability of Robins to furnish necessary services to the area that is critical under section 368.7(4). Even if the district court erred in ruling on the judicial review petition without reopening the record, any error was harmless.

### VI. *The Cross–Appeal Issue.*

■■■■ Robins contends the board erred by deleting parcels 28 and 31 from its application and assigning that area to Hiawatha. The problem with this argument is that Robins did not petition for judicial review. The board's decision allowing Hiawatha to annex the two parcels in question was apparently issued on April 9, 1997, and affirmed after reconsideration by the board. Hiawatha's annexation of the two parcels became complete upon expiration of the time for review of the board's decision and the filing of copies of the board's proceedings with the Secretary of State, city clerk, and county recorder. *See* Iowa Code § 368.20(2). Robins did not file a petition seeking judicial review, although a timely petition to the district court is a jurisdictional prerequisite for judicial review of final agency action. *Sharp v. Iowa Dep't of Job Serv.,* 492 N.W.2d 668, 669 (Iowa 1992).

Although Robins contends it may challenge the ruling of the board in connection with the two parcels of land by simply intervening in Hiawatha's judicial review proceeding, we see nothing in chapters 17A or 368 that would permit an aggrieved party to challenge the ruling in that manner. We therefore agree with the district court that it lacked jurisdiction to resolve the issue.

We find no basis for reversal and therefore affirm on both appeals.

**AFFIRMED ON BOTH APPEALS.**

All justices concur except LAVORATO, J., who takes no part.