CITY OF HIAWATHA, A Municipality, Appellant,

v.

CITY DEVELOPMENT
BOARD, Appellee,

City of Cedar Rapids, Intervenor–
Appellee,

and

Michael Bradnan, et al., Intervenors–
Appellees.

No. 98–713.

Supreme Court of Iowa.

April 26, 2000.

James P. Craig and Randal J. Scholer of Moyer & Bergman, P.L.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Christie J. Scase, Assistant Attorney General, for appellee City Development Board.

David F. McGuire, Cedar Rapids, for intervenor-appellee City of Cedar Rapids.

Dean A. Spina of Bradley & Riley, P.C., Cedar Rapids, for intervenors-appellees Michael Bradnan, et al.

LARSON, Justice.

This case involves the annexation of Linn County land in a voluntary annexation proceeding under Iowa Code chapter 368 (1995). The City Development Board approved Cedar Rapids' application despite claims by the City of Hiawatha that the proceedings were fatally flawed. The district court affirmed the board's action, and we affirm the district court.

## I. *Facts and Prior Proceedings*.

In 1996 a group of property owners in Linn County, apparently concerned their area was going to be annexed by another city, submitted voluntary applications to the City of Cedar Rapids requesting it to annex their land. *See* Iowa Code ch. 368. The territory in question consisted of 944.63 acres, of which 84.53 acres were included without the consent of the owners. Under the statute, territory may be annexed that includes property by nonconsenting owners provided the nonconsenting land does not amount to more than twenty percent. This is known as an "80/20" annexation. *See* Iowa Code § 368.7(1).

Pursuant to chapter 368, the City of Cedar Rapids sent a copy of the annexation proposal to the nonconsenting own-

ers in the proposed annexation area. *See* Iowa Code § 368.7(1). The city also sent a copy to the cities of Hiawatha and Robins, the Linn County Board of Supervisors, the East Central Iowa Council of Governments, and the affected public utilities, all pursuant to statute. *See* Iowa Code § 368.7(3). Cedar Rapids also published notice of an upcoming city council meeting to be held December 11, 1996, regarding the council's consideration of the voluntary annexation applications. At that meeting, the city council voted to annex the land in question.

Cedar Rapids filed its request for approval of annexation with the City Development Board on December 12, 1996. The board notified the cities of Cedar Rapids, Hiawatha, and Robins, as well as the Linn County Board of Supervisors, the Linn County attorney, the East Central Iowa Council of Governments, and the Iowa Department of Transportation.

On January 16, 1997, the board received a petition for involuntary annexation from the City of Hiawatha, which included territory within the Cedar Rapids voluntary annexation proposal.

The board held a public hearing on February 20, 1997. On March 13, 1997, the board met to deliberate on the Cedar Rapids proposal. The board approved the annexation request by a vote of four out of five members. The fifth member "passed" in order to study the issue more. (Under Iowa Code section 368.7(1), when territory includes property of nonconsenting owners, the measure must pass by a four/fifths vote of the board.) The board issued its findings of fact and conclusions of law approving the Cedar Rapids voluntary application on March 19, 1997.

Hiawatha filed a petition for judicial review of the board's decision. The board answered, and the City of Cedar Rapids and a group of property owners favoring annexation to Cedar Rapids intervened in support of the annexation pursuant to Iowa Code section 17A.19(2) and Iowa Rule of Civil Procedure 75.

## II. *The Issues and Standard of Review.*

Four issues are raised on appeal. The first issue is raised by some of the intervenors who contend the appellant, City of Hiawatha, failed to properly preserve its right to judicial review. They claim Hiawatha failed to serve or mail copies of its petition for judicial review to all required parties. The remaining three issues concern Hiawatha's claims of error by the board in (1) including nonconsenting properties to attain the required contiguity between Cedar Rapids and the territory to be annexed, (2) finding the Cedar Rapids annexation was not contrary to the best interests of the annexed area, and (3) incorrectly applying the presumption of validity of voluntary annexation proceedings provided by Iowa Code section 368.6.

Iowa Code section 368.22 governs our scope of review. *City of Waukee v. City Dev. Bd.,* 590 N.W.2d 712, 716 (Iowa 1999). Section 368.22, together with the relevant provisions of Iowa Code chapter 17A, are the "exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of that agency action." *Waukee,* 590 N.W.2d at 716 (quoting Iowa Code § 368.22). Our review is limited to questions "relating to jurisdiction, regularity of proceedings, and whether the decision appealed from is arbitrary, unreasonable, or without substantial supporting evidence." *Id.*

## III. *The Jurisdiction Issue.*

Several of the private landowners who desired to be annexed to Cedar Rapids intervened in the judicial review proceeding in district court pursuant to Iowa Code section 17A.19(2). These landowners raised a threshold issue as to the court's jurisdiction to consider the petition for judicial review, claiming the City of Hiawatha failed to serve copies of the petition for

judicial review as required by Iowa Code section 17A.19(2), which provides in part:

> Within ten days after the filing of a petition for judicial review the petitioner shall serve by the means provided in the Iowa rules of civil procedure for the personal service of an original notice, or shall mail copies of the petition to all parties named in the petition and, if the petition involves review of agency action in a contested case, all parties of record in that case before the agency. Such personal service or mailing shall be jurisdictional. The delivery by personal service or mailing referred to in this subsection may be made upon the party's attorney of record in the proceeding before the agency. A mailing shall be addressed to the parties or their attorney of record at their last known mailing address.

The intervenors contend the court lacked jurisdiction because Hiawatha failed to serve some of the parties in the administrative proceeding. A "party" under chapter 17A "means each person or agency named or admitted as a party or properly seeking and entitled as of right to be admitted as a party." Iowa Code § 17A.2(8).

■ Here, some of the property owners who had appeared at the board hearing were not served with copies of the petition for judicial review. They were not shown as parties in that proceeding. All parties of record and intervenors were served either personally or through their attorneys. The petitioner was not required to serve copies on other persons, as some of the intervenors contend, simply because they had been signers on the petition for annexation filed with the City of Cedar Rapids or because they had physically participated in the board hearing. We reject the jurisdiction argument and proceed to the merits of the appeal.

## IV. *The Contiguity Issue.*

■ Hiawatha contends the annexation to Cedar Rapids is not permissible because Cedar Rapids and the area to be annexed do not meet the statutory requirements for contiguity. *See* Iowa Code § 368.7(1). Specifically, Hiawatha contends that neither of the two possible connections between Cedar Rapids and the annexed area (a parcel of nonconsenting property and a public road) is permissible under the statute.

Hiawatha characterizes the board's action as "aggressive use of a nonconsenting property" to obtain the nexus required by statute. The statute provides:

> All of the owners of land in a territory adjoining a city may apply in writing to the council of the adjoining city requesting annexation of the territory.

Iowa Code § 368.7(1). The terms "territory" and "adjoining" are defined by statute:

> 1. *"Adjoining"* means having a common boundary for not less than fifty feet. Land areas may be adjoining although separated by a roadway or waterway.
>
> . . . .
>
> 14. *"Territory"* means the land area or areas proposed to be incorporated, annexed, or severed, whether or not contiguous to all other areas proposed to be incorporated, annexed, or severed. Except as provided for by an agreement pursuant to chapter 28E, *"territory"* having a common boundary with the right-of-way of a secondary road extends to the center line of the road.

Iowa Code § 368.1.

■ Hiawatha contends that the fifty-foot connection must be made with voluntary parcels. We specifically rejected that argument in a case decided after the board and the district court decided the present case. *Waukee,* 590 N.W.2d at 717. In that case, the City of Clive attempted to annex a voluntary parcel that was only contiguous to the territory to be annexed through an involuntary parcel. *Id.* at 714–15. We held that the language of section 368.7(1), "land in a territory adjoining a city," requires only that "the entire land area to be annexed share a common

boundary with the city to which annexation is sought." *Id.* at 717. The territory Clive sought to annex, we said,

> encompasses all of the voluntary and involuntary parcels mentioned. Although not all of the parcels adjoin or share a common boundary with the city of Clive, all of the parcels are contiguous to each other in the sense that there is no parcel that does not share a boundary with a parcel included in the territory to be annexed. In addition, one of the parcels is contiguous to the city of Clive.

*Id.* Under that case and the wording of section 368.7(1), all parcels proposed to be annexed under section 368.7(1), both voluntary and involuntary, must be viewed as a whole. When the annexation area here is considered as a whole, including consenting and nonconsenting owners, the area is contiguous to Cedar Rapids within the meaning of the statute.

Hiawatha asks us to overrule *Waukee* and hold that nonconsenting land cannot bridge the annexing and annexed areas. In making this argument, Hiawatha relies on a sentence in section 368.7(1) that was not discussed in *Waukee:* "*All* of the owners of land in a territory adjoining a city may apply ... requesting annexation of the territory." (Emphasis added.) The significance of the word "all" in this section, according to Hiawatha, is that implicitly anything less than all adjoining landowners cannot form the required nexus. It is true, as Hiawatha notes, we did not address this specific argument in *Waukee* because it was not raised. Nevertheless, we held the express language of the first sentence of section 368.7(1) suggested the opposite interpretation: the word "adjoining" immediately follows the word "territory," which means both voluntary and involuntary parcels are considered together. *Waukee,* 590 N.W.2d at 717. We reaffirm that holding in *Waukee* and reject Hiawatha's argument that nonconsenting parcels cannot bridge the two areas.

## V. *The Best Interests of the Urbanized Area.*

Iowa Code section 368.7 favors annexation by voluntary proceedings by giving them priority:

> If one or more applications for a voluntary annexation and one or more petitions for an involuntary annexation or incorporation for a common territory are submitted to the board within thirty days of the date the first application or petition was submitted to the board, *the board shall approve the application for voluntary annexation, if the application meets the applicable requirements of this chapter, unless the board determines by a preponderance of the evidence that the application was filed in bad faith, or that the application as filed is contrary to the best interests of the citizens of the urbanized area, or that the applicant cannot within a reasonable period of time meet its obligation to provide services to the territory to be annexed sufficient to meet the needs of the territory.*

Iowa Code § 368.7(4) (emphasis added). Hiawatha contends the annexation must fail under the second enumerated basis: that annexation of the area "is contrary to the best interests of the citizens of the urbanized area."

Resolution of this issue turns largely on how we interpret "urbanized area." The Code defines it as "any area of land within two miles of the boundaries of a city." Iowa Code § 368.1(15). This definition, according to Hiawatha, would necessarily include the City of Hiawatha in the urbanized area because it is within two miles of the area to be annexed. According to its argument, the interests of Hiawatha's residents were not given proper consideration in light of the fact the city had spent considerable sums of money to expand its public service capability in anticipation of the city's expansion.

We reject this argument because we believe the legislature did not intend to

include a city as part of an "urbanized area." If we considered a city to be part of the urbanized area, this would in effect allow the annexation of an existing city, a power clearly beyond the scope of chapter 368. Also, to interpret "urbanized area" to include the area of the city within two miles of its borders would mean that, in a large city, the interior of the city would not be considered urbanized area because it would not be within two miles of the perimeter of the city. An interpretation of urbanized area as urged by Hiawatha would not be a reasonable interpretation. *See* Iowa Code § 4.4(3).

We interpret "urbanized area" to mean an area of land within two miles of the boundaries of a city, but not including land within the city itself. We reject Hiawatha's arguments that the board erred in not considering the best interests of Hiawatha's residents in applying Iowa Code section 368.7(4) and that the board erred in not finding the proposed annexation was contrary to the best interests of the urbanized area. The board properly applied the statute, and its finding that the annexation was not contrary to the best interests of the urbanized area is supported by substantial evidence.

## VI. *The "Preference" for Voluntary Annexation and the Presumption of Validity for Voluntary Annexations Under Iowa Code Chapter 368.*

In 1991 the Iowa Legislature amended chapter 368 by establishing a preference for voluntary proceedings when both a voluntary and involuntary proceeding coexist. *See* Iowa Code § 368.7(4). The legislature also added language to the statute that established a presumption of validity for voluntary proceedings. *See* Iowa Code § 368.6. The presumption of validity of voluntary annexations states:

> It is the intent of the general assembly to provide an annexation approval procedure which gives due consideration to the wishes of the residents of territo-

ry to be annexed, and to the interests of the residents of all territories affected by an annexation. The general assembly presumes that a voluntary annexation of territory more closely reflects the wishes of the residents of territory to be annexed, and, therefore, intends that *the annexation approval procedure include a presumption of validity for voluntary annexation approval.*

Iowa Code § 368.6 (emphasis added).

Hiawatha claims the board "overstated, overemphasized and erroneously relied upon the preference accorded to voluntary annexation requests under chapter 368" and failed to fully consider the merits of the application. This argument is based on the fact the board relied largely on the best interests of the territory to be annexed without due consideration of the best interests of others, including Hiawatha.

For the reasons previously discussed, the main consideration under section 368.7(4) is the best interests of the residents of the urbanized area, not of the area in general. The best interests of residents of adjoining areas, such as Hiawatha, are not determinative. The board properly applied the procedural and substantive requirements of section 368.7(4) and did not give undue weight to the statutory preference for voluntary proceedings. Further, the board rendered its decision without any expressed reliance on the presumption of validity under Iowa Code section 368.6, so we reject Hiawatha's argument that the presumption was improperly applied.

We reject Hiawatha's argument that the board misapplied the presumption of section 368.6 or the preference for voluntary annexations under section 368.7(4).

## VII. *Summary and Conclusions.*

We summarize our opinion as follows: (1) the district court had jurisdiction of the judicial review petition because Hiawatha notified all necessary parties, (2) the peti-

tion for annexation was not flawed for lack of contiguity between Cedar Rapids and the area to be annexed because under *Waukee* nonconsenting tracts may provide the necessary nexus, (3) the "urbanized area" under Iowa Code section 368.7(4) includes land within two miles of a city but does not include land within the City of Hiawatha, (4) the board did not err in finding the annexation was not contrary to the best interests of the urbanized area, and (5) the board did not improperly apply the preference for voluntary annexations or the presumption in favor of their validity. Accordingly, we affirm the district court.

**AFFIRMED.**

All justices concur except LAVORATO, J., who takes no part.