2001 UT App 8

**VIKTRON/LIKA UTAH, Petitioner,**

v.

**LABOR COMMISSION and Joyce R. Wright, Respondents.**

No. 20000386–CA.

Court of Appeals of Utah.

Jan. 11, 2001.

David H. Schwobe and Kenneth B. Grimes, Jr., Perkins Schwobe & McLachlan, Salt Lake City, for Petitioner.

Bruce Wycoff, Jones Waldo Holbrook & McDonough, Salt Lake City, for Respondents.

Before Judges GREENWOOD, ORME, and THORNE.

## OPINION

PER CURIAM:

¶ 1 This case is before the court on respondent Joyce R. Wright's ("Wright") Motion for Leave to File Cross–Appeal and for Enlargement of Time to File Brief, which is opposed by petitioner Viktron/Lika Utah ("Viktron").

¶ 2 Wright initiated proceedings against Viktron under the Utah Antidiscrimination Act, Utah Code Ann. § 34A–5–101 through 108 (1997 and Supp.2000). Wright contended Viktron, her former employer, unlawfully discriminated against her based on her gender and unlawfully retaliated against her for complaining about the alleged discrimination. An administrative law judge concluded that Viktron had both unlawfully discriminated against Wright and had retaliated against her. Viktron sought review of the decision by the Appeals Board of the Utah Labor Commission. In an April 7, 2000 decision, the Board concluded that Wright had failed to establish that Viktron discriminated against her on the basis of gender and reversed the determination on that claim only. However, the Board further concluded that Viktron had unlawfully retaliated against Wright by terminating her in retaliation for her complaints of gender discrimination. Because the damage award was "justified in consequence of Viktron's unlawful retaliation," the Board affirmed the entire award.

¶ 3 On May 5, 2000, Viktron filed a Petition for Review in this court seeking review of that portion of the Board's decision finding unlawful retaliation. Viktron named the Utah Labor Commission as respondent and served Wright's attorney with the petition and all subsequent filings in this court. On May 12, 2000, Wright filed a Motion to Intervene, which sought "review of such part of the Order on Motion for Review of the Utah Appeals Board that states that Viktron did not unlawfully discriminate against Ms. Wright on the basis of her gender in violation of the Utah Antidiscrimination Act." This court denied the motion in an order issued on June 16, 2000, concluding that intervention "is unnecessary as Joyce R. Wright was a party to the proceeding before the agency and she is thus a party in the matter before this court." Through inadvertence, the court did not add Wright's counsel to its mailing certificate, and counsel represents that he did not receive actual notice of this order until October 23, 2000.

¶ 4 On October 27, 2000, Wright filed the Motion for Leave to File Cross–Appeal that is now before the court. Wright concedes that Rule 14 of the Utah Rules of Appellate Procedure does not expressly provide for a right of cross-appeal in agency proceedings and that Rule 4(d), which authorizes cross-appeals, does not apply to judicial review of agency proceedings. However, she contends that a right to cross-petition for judicial review must exist because "[a] contrary rule would force a party that is essentially satisfied with the administrative decision to file a petition for review simply to preserve its rights in the event the other party filed a petition for review."

¶ 5 Judicial review of final agency actions is governed by the Utah Administrative Procedures Act (UAPA). *See* Utah Code Ann. § 63–46b–1(1)(a) (Supp.2000) (stating UAPA governs judicial review of state agency actions); *see also id.* § 63–46b–14(1) (1997) ("A

party aggrieved may obtain judicial review of final agency action, except in actions where judicial review is expressly prohibited by statute."). Utah Code Ann. § 63–46b–14(3)(a) (1997) states that a party seeking judicial review "shall file a petition for judicial review of final agency action within 30 days after the date that the order constituting the final agency action is issued." A party seeking "judicial review of final agency action resulting from formal adjudicative proceedings ... shall file a petition for review of agency action with the appropriate appellate court in the form required by the appellate rules of the appropriate appellate court." *Id.* § 63–46b–16(2)(a) (1997).

■ ¶ 6 Rules 14 through 18 of the Utah Rules of Appellate Procedure contain the rules pertaining to judicial review of agency actions by an appellate court, and Form 11 of the appendix to the rules contains the form for a petition for review. Rule 18 provides, in part, that Rules 3 through 8 are not applicable to review of agency decisions. *See* Utah R.App. P. 18. As a result, the provisions of Rule 4(d) of the Utah Rules of Appellate Procedure, allowing the filing of a cross-appeal within fourteen days after the filing of an appeal by another party, are not applicable to proceedings for judicial review of agency decisions.

■ ¶ 7 UAPA allows any party to the agency proceeding to seek judicial review of the final agency action by filing a petition for review within thirty days of the date of final agency action. *See* Utah Code Ann. § 63–46b–16(2)(a) (1997); *see also* Utah R.App. P. 14(a). Neither UAPA nor the appellate rules provide a mechanism to cross-petition for judicial review within a specified time after the initial petition for review is filed. Similarly, neither UAPA nor the appellate rules allow an extension of the time to seek judicial review analogous to that allowed in other appeals. *Compare* Utah Code Ann. § 63–46b–1(9) (1997) (stating presiding officer may not extend time to seek judicial review), *with* Utah R.App. P. 4(e) (allowing trial court to extend time for appeal); *see also Barney v. Division of Occupational & Prof'l Licensing,* 828 P.2d 542, 544 (Utah Ct.App.1992) (per curiam) (concluding the court cannot review interlocutory orders of an agency because UAPA allows review of only *"final* agency actions"). We conclude that any party seeking judicial review of an order constituting final agency action must file a petition for review within thirty days of the order's issuance as required by section 63–46b–16(2) and Utah Rule of Appellate Procedure 14(a). Wright was put on notice of this requirement by the statement of appeal rights contained in the Board's decision. We cannot infer a right to file a cross-petition within an additional period of time where the Utah Legislature did not include such a provision in UAPA.

■ ¶ 8 Wright claims she assumed a motion to intervene would provide a means to seek judicial review of the portion of the Board's order concluding that Viktron did not discriminate against her on the basis of gender. Accordingly, she contends that this court's failure to timely serve the order denied her "right" to file a cross-petition.[1] We may construe a filing with this court according to its content, regardless of its caption. *See, e.g., Reeves v. Steinfeldt,* 915 P.2d 1073, 1076 (Utah Ct.App.1996) (stating regardless of caption, "a motion filed within ten days of the entry of judgment that questions the correctness of the court's findings and conclusions is properly treated as a post-judgment motion under either Rules 52(b) or 59(e).") (citation omitted). However, even assuming that the motion to intervene was the functional equivalent of a petition for review, it was not timely under section 63–46b–16(2)(a) and Utah Rule of Appellate Procedure 14(a). Because there is no statutory provision allowing for an extension of the time to file a petition for review, we lack jurisdiction to consider the motion to intervene as a petition for review. Nevertheless, based upon this court's order stating that Wright is a party to the proceedings before

---

1. Even assuming that this court had granted the motion to intervene, rather than determining that Wright was necessarily a party, this ruling would pertain only to her participation as a "respondent," and not to her ability to independently petition for partial judicial review of those aspects of the decision with which she disagreed.

this court, she may file a brief supporting the decision of the Board affirming the award based solely upon the retaliation claim. Wright did not file a timely petition for review of the Board's decision on gender discrimination, that portion of the decision is not challenged by Viktron, and it is not before this court for review.

¶ 9 Accordingly, we deny the Motion for Leave to File Cross Appeal. Wright is granted an extension of thirty days from the date of this decision in which to file a brief in response to Viktron's opening brief.