755 N.W.2d 608 (2008)
276 Neb. 590
John M. AHMANN, appellee,
v.
CORRECTIONAL CENTER LINCOLN AND NEBRASKA DEPARTMENT OF LABOR, appellants.
No. S-07-687.
Supreme Court of Nebraska.
September 19, 2008.
*609 John H. Albin, Thomas A. Ukinski, Lincoln, and W. Russell Barger for appellants.
No appearance for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.
GERRARD, J.
John M. Ahmann, an applicant for unemployment insurance benefits, was penalized 12 weeks of benefits because the Nebraska Appeal Tribunal (the Appeal Tribunal) found he was fired for misconduct. Ahmann petitioned for judicial review. Several months later, Ahmann's employer and the Nebraska Department of Labor sought to amend their answer to Ahmann's petition, arguing that the Appeal Tribunal erred in allowing benefits at all.
The issue presented in this appeal is whether the employer and Department of Labor waived their challenge to the Appeal Tribunal's decision by failing to file their own petition for judicial review. We conclude that under the Administrative Procedure Act (APA),[1] a party seeking review of an administrative decision must file a petition within 30 days of the decision. Because the employer and Department of Labor did not do so in this case, we affirm the decision of the district court that refused to consider their argument.

*610 BACKGROUND
Under the Employment Security Law,[2] if an employee is discharged for misconduct connected with his or her work, the employee is disqualified for benefits for the week in which the employee was discharged and the 12 weeks that follow.[3] But if the employee's misconduct was "gross, flagrant, and willful, or was unlawful," the employee is totally disqualified from receiving benefits.[4]
Ahmann, an employee of the Nebraska Department of Correctional Services at the Correctional Center Lincoln (CCL), was fired because he tested positive for marijuana. Ahmann claimed unemployment insurance benefits, which were initially awarded without penalty because the adjudicator found that the evidence did "not support a finding of misconduct in connection with the work." CCL appealed that decision to the Appeal Tribunal, contending that Ahmann had been discharged for misconduct. The Appeal Tribunal agreed, finding that Ahmann was discharged for misconduct and was disqualified from receiving benefits for a period of 12 weeks. However, the Appeal Tribunal did not find that Ahmann's misconduct was gross, flagrant, and willful, or was unlawful.
The Appeal Tribunal's decision was filed on September 21, 2006. Ahmann filed a timely petition for judicial review in the district court on October 5. CCL and the Department of Labor filed an answer on November 27, requesting that the district court review and affirm the decision of the Appeal Tribunal.
But on March 13, 2007, CCL and the Department of Labor filed a motion for leave to file an amended answer. The proposed amended answer would have alleged that Ahmann was discharged for misconduct that was gross, flagrant, and willful, or was unlawful, such that Ahmann would be totally disqualified from receiving benefits. The amended answer would have asked the court to modify the finding of the Appeal Tribunal to that effect. But the district court overruled the motion, explaining that "procedurally, if [CCL and the Department of Labor] wanted to address that issue, there were other ways, as opposed to amending [their] answer at this late date." The district court affirmed the decision of the Appeal Tribunal.

ASSIGNMENTS OF ERROR
CCL and the Department of Labor assign, consolidated and restated, that the district court erred in (1) denying their motion for leave to amend their answer and (2) failing to find that Ahmann was terminated for misconduct that was gross, flagrant, and willful, or was unlawful.

STANDARD OF REVIEW
A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[5] The meaning of a statute is also a question of law.[6] On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.[7]

*611 ANALYSIS
This appeal requires us to determine, as an initial matter, what procedure should be followed when more than one party seeks judicial review of an administrative decision. In support of their first assignment of error, CCL and the Department of Labor essentially contend that their amended answer was an appropriate way to seek judicial review, so the district court erred in refusing to permit it.
Under the APA, any person aggrieved by a final decision in a contested case is entitled to judicial review.[8] And the APA provides that "[p]roceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency."[9] The court may affirm, reverse, or modify the decision of the agency or remand the case for further proceedings.[10] But the APA does not specify whether, after one party has initiated review proceedings by filing a petition, another aggrieved party who wants the court to review the agency's decision must file its own petition within the deadline imposed by the APA.
Courts to have considered similar statutory schemes have concluded that in the absence of a provision expressly extending the time for filing a cross-petition, any aggrieved party seeking judicial review of an administrative decision must file a separate, timely petition for review.[11] In other words, where another deadline is not specified, a cross-petition is subject to the same filing deadline as the original petition.[12] Prompt filing of a petition or cross-petition is important because it is the petition for judicial review that sets forth the reasons for believing that relief should be granted and specifies the type and extent of the relief requested.[13]
Administrative proceedings can be quite complicated and affect the interests of numerous parties.[14] Even in this relatively simple case, Ahmann was led to believe for several months that he faced only a 12-week suspension of unemployment insurance benefits, before he was notified that CCL and the Department of Labor sought to deprive him of benefits entirely. If cross-petitions could be filed at any time during the pendency of judicial review, then all the issues presented during the administrative proceeding would be subject to appeal during the litigation and no interested party could consider any issue finalized until the completion of the entire judicial review.[15] Applying the same deadline *612 for petitions and cross-petitions serves to ensure that all the parties affected by an administrative decision are aware of any challenge to that decision and receive prompt notice of the issues presented for judicial review.
That having been said, there are also prudential reasons to support an extended deadline for cross-appeals.[16] For example, in this court and the Nebraska Court of Appeals, the parties are permitted by our rules of practice and procedure to assert a cross-appeal in an appellee's brief.[17] But that rule is not applicable to district courts,[18] and there is no basis for extending or applying that rule under these circumstances, because the APA makes no mention of an extended or different deadline for filing a cross-petition in the district court.[19] In the absence of such a provision, the plain language of the APA requires that the same deadline be applied to any party seeking judicial review of an administrative decision.
None of this should be read to suggest that the Legislature cannot, or should not, address this issue more directly than it has. The Legislature is welcome to balance the interests of the parties and to provide a specific procedure for cross-petitions, if it so chooses. But in the absence of an express provision excepting cross-petitions from the deadline imposed by the APA, for the reasons explained above, we hold that any aggrieved party seeking judicial review of an administrative decision under the APA must file a petition within 30 days after service of that decision, pursuant to § 84-917(2)(a).
In this case, CCL and the Department of Labor sought to attack the Appeal Tribunal's decision and obtain affirmative relief, instead of protect that decision, so they should have filed a timely petition for review.[20] Because they did not, the district court correctly refused to consider their argument. Their first assignment of error is without merit. And their remaining assignment of error addresses the merits of the argument that, as explained above, they failed to present for judicial review. Therefore, like the district court, we decline to consider it.

CONCLUSION
The district court correctly refused to consider CCL and the Department of Labor's challenge to the Appeal Tribunal's decision, because CCL and the Department of Labor did not file a timely petition for judicial review of that decision. The judgment of the district court is affirmed.
AFFIRMED.
McCORMACK, J., participating on briefs.
NOTES
[1] Neb.Rev.Stat. §§ 84-901 to 84-920 (Reissue 1999 & Cum.Supp.2006).
[2] Neb.Rev.Stat. §§ 48-601 to 48-671 (Reissue 2004, Cum.Supp.2006 & Supp.2007).
[3] § 48-628(2).
[4] Id.
[5] Davis v. Davis, 265 Neb. 790, 660 N.W.2d 162 (2003).
[6] In re Guardianship & Conservatorship of Cordel, 274 Neb. 545, 741 N.W.2d 675 (2007).
[7] Davis, supra note 5.
[8] § 84-917(1).
[9] § 84-917(2)(a).
[10] § 84-917(6)(b).
[11] See, e.g., Washington Utilities and Transp. Com'n (WUTC) v. F.E.R.C., 26 F.3d 935 (9th Cir.1994); Reich v. Trinity Industries, Inc., 16 F.3d 1149 (11th Cir.1994) (TII); Reich v. Occupational Safety & Health Review Com'n, 998 F.2d 134 (3d Cir.1993) (OSHRC); Dole v. Briggs Const. Co., Inc., 942 F.2d 318 (6th Cir.1991); City of Hiawatha v. City Development Bd., 609 N.W.2d 532 (Iowa 2000); King County v. Cent. Puget Sound Bd., 138 Wash.2d 161, 979 P.2d 374 (1999); Viktron/Lika Utah v. Labor Com'n., 18 P.3d 519 (Utah App. 2001). But see Doerfer Div. of CCA v. Nicol, 359 N.W.2d 428 (Iowa 1984).
[12] King County, supra note 11. See, also, OSHRC, supra note 11; 16A Charles Alan Wright et al., Federal Practice and Procedure § 3961.4 (1999 & Supp.2008). Compare, e.g., Civil Serv. Comm'n v. Dist. Ct., 118 Nev. 186, 42 P.3d 268 (2002).
[13] See § 84-917(2)(b).
[14] See, e.g., Scofield v. State, 276 Neb. 215, 753 N.W.2d 345 (2008).
[15] See King County, supra note 11.
[16] See, F.E.R.C., supra note 11; TII, supra note 11; OSHRC, supra note 11; Nicol, supra note 11.
[17] See Neb. Ct. R.App. P. § 2-101(E).
[18] Cf. Salkin v. Jacobsen, 263 Neb. 521, 641 N.W.2d 356 (2002).
[19] See, F.E.R.C., supra note 11; TII, supra note 11; OSHRC, supra note 11; Dole, supra note 11; King County, supra note 11; Viktron/Lika Utah, supra note 11 (rejecting application of cross-appeal rules of appellate courts to administrative review proceedings). See, also, City of Hiawatha, supra note 11. Compare Civil Serv. Comm'n, supra note 12.
[20] See Dole, supra note 11.